NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4370-15T4

PALISADIUM MANAGEMENT
CORP.,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

BOROUGH OF CLIFFSIDE PARK,

      Defendant-Respondent/
      Cross-Appellant.

_____

CARLTON CORP.,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

BOROUGH OF CLIFFSIDE PARK,

      Defendant-Respondent/
      Cross-Appellant.

_____

**APPROVED FOR PUBLICATION**

**September 14, 2018**

**APPELLATE DIVISION**

Submitted October 23, 2017 – Decided September 14, 2018

Before Judges Accurso, O'Connor and Vernoia.

On appeal from the Tax Court of New Jersey, Docket Nos. 5633-2011, 10266-2012 and 8940-2013, whose opinion is reported at 29 N.J. Tax 245 (Tax 2016).

Michael A. Paff, attorney for appellants/cross-respondents.

Diktas Gillen, PC, attorneys for respondent/cross-appellant (Christos J. Diktas and Crystal G. Calabrese, on the briefs).

The opinion of the court was delivered by

ACCURSO, J.A.D.

Plaintiffs Palisadium Management Corp. and Carlton Corp., owners of two adjacent tax lots on the site of the former Palisades Amusement Park in Cliffside Park, appeal from six May 13, 2016 Tax Court judgments affirming the 2011-2013 tax assessments on the properties. The Tax Court denied the Borough's R. 4:37-2(b) motion, finding plaintiffs had overcome the presumption of the validity of the assessments; rejected the Borough's cost approach for valuing the property, finding it not unique or special purpose; rejected the reliability of improvement costs generated by computer software; accepted plaintiffs' expert's hybrid approach to valuation but found the appraiser lacked adequate objective evidence to support his adjustments; and determined there was not sufficient competent evidence in the record to permit the court to make an independent finding of true value, resulting in the assessments being affirmed.

Plaintiffs appeal, arguing their expert "provided solid evidence of value based on reliable market data which was adequate to determine value," and the Tax Court should have applied its expertise to the substantial evidence in the record to determine true value and fix the assessment for the years in question. The Borough cross-appeals, arguing the Tax Court should have adopted its "cost approach as the appropriate method of valuation" and that the cost data relied on by its appraiser "was admissible, reliable, relevant and persuasive." We reject those arguments and affirm, substantially for the reasons expressed by Judge Fiamingo in her written opinion, which is reported at 29 N.J. Tax 245 (Tax 2016).

The facts are fully set forth in the Tax Court opinion. We note only the properties, commonly known as the Palisadium, consist of the unusual combination of a banquet hall and fitness center in one building located along the edge of one of the cliffs of the Palisades and a detached four-story parking garage. The combined area of the two lots is over four acres. The property has unobstructed views of the Hudson River and the New York City skyline. Its total assessed value for each year in question was $17,251,000, with equalized values of $17,251,000 in 2011, $19,285,634 in 2012 and $18,692,166 in 2013.

The Tax Court rejected the Borough's cost approach to value, finding none of the reasons typically supporting such an approach applied. Palisadium, 29 N.J. Tax at 260-64. Specifically, the court noted the property was not new, having been

built over thirty years ago, see Worden-Hoidal Funeral Homes, Inc. v. Red Bank Borough, 21 N.J. Tax 336, 338 (Tax 2004), and could not be said to be so special purpose or unique as to have no market, see Dworman v. Borough of Tinton Falls, 1 N.J. Tax 445, 452 (1980), aff'd, 180 N.J. Super. 366 (App. Div. 1981). Palisadium, 29 N.J. Tax at 260-61.

The Tax Court was also critical of the Borough's expert's use of an automated valuation software, the Marshall and Swift Valuation Service computer program, to generate replacement costs.[1] Id. at 263-64. The court noted "the Borough's expert indicated that he 'plugged in' the numbers into the program and did not independently check any of the resulting calculations to determine their accuracy vis-à-vis the Marshall & Swift hand calculations historically accepted by the court." Id. at 263. Noting "[i]n order for a new technology to be deemed reliable, there must be 'sufficient scientific basis to produce uniform and reasonably reliable results,'" State v. Hurd, 86 N.J. 525, 536 (1981) (quoting State v. Cary, 49 N.J. 343, 352 (1967)), the court ruled it lacked "any basis to determine

---

[1] Plaintiffs claim their expert got tarred with the same brush, although he did not use the Marshall and Swift software to develop his cost analysis but relied on its hard copy manual, attaching copies of the pages illustrating the calculations on which he relied to his report. Although our review of the record confirms this, it obviously had no effect on the court's findings. We view the court's reference to plaintiffs' expert in this context as an inconsequential flaw in an otherwise sound opinion.

whether the estimates produced by the software and utilized by the appraisal expert were accurate or reasonable." Palisadium, 29 N.J. Tax at 263-64.

This is not the first occasion on which the Tax Court has expressed concern about the reliability of improvement costs estimated through the use of software and an expert's inability to explain or corroborate at trial the calculations produced by the software on which the expert relied to produce the valuation report. See Forsgate Ventures IX, LLC v. Twp. of S. Hackensack, 29 N.J. Tax 28, 45 (Tax 2016), aff'd, Forsgate Ventures IX LLC v. Twp. of S. Hackensack, No. A-2943-15 (App. Div. Apr. 6, 2018). Because the Tax Court reasonably rejected both parties' reliance on the cost approach to valuation, we are not required to resolve the reliability of the software here, and the record is not such that we could do so with confidence.

We note only that "[t]he net opinion rule . . . mandates that experts 'be able to identify the factual bases for their conclusions, explain their methodology, and demonstrate that both the factual bases and the methodology are reliable.'" Townsend v. Pierre, 221 N.J. 36, 55 (2015) (quoting Landrigan v. Celotex Corp., 127 N.J. 404, 417 (1992)). As the Court has recently reminded, we review a trial court's decision "to exclude expert testimony on unreliability grounds" only for abuse of discretion. In re Accutane Litig., __ N.J. __, __ (2018) (slip op. at 70). Real estate appraisers testifying in the Tax Court should be guided accordingly.

Plaintiffs' expert employed a hybrid approach to value the property, employing a sales comparison approach to value the banquet hall and an income capitalization approach to value the health center. Palisadium, 29 N.J. Tax at 259. He used the cost approach only to confirm his results. Ibid. Although accepting plaintiffs' hybrid approach as sound given the unusual combination of uses, see Aliotta v. Twp. of Belleville, 27 N.J. Tax 419, 464-65 (Tax 2013), Livingston Mall Corp. v. Livingston Twp., 15 N.J. Tax 505, 522 (Tax 1996), the court found such serious flaws in the expert's adjustments to comparable sales, including those relying on a "paired sales" analysis, that it rejected his opinion of value based on a comparable sales approach. Palisadium, 29 N.J. Tax at 266-73 (explaining rejection of plaintiffs' expert's time/market adjustment as well as adjustments for location, parking and views). The court did not review the expert's income analysis for the health center, concluding "[w]ithout reliable proof of value of the banquet facility, valuation of the health/fitness facility is meaningless." Id. at 274.

Having already rejected the suitability of a cost approach for valuing the property, the court was without credible and competent evidence in the trial record upon which its own independent determination of value could be based. Ibid. See F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 430 (1985). Accordingly, it affirmed the assessments. Palisadium, 29 N.J. Tax at 274.

The scope of our review of judgments of the Tax Court is limited. Because "[t]he judges presiding in the Tax Court have special expertise . . . their findings will not be disturbed unless they are plainly arbitrary or there is a lack of substantial evidence to support them." First Republic Corp. of Am. v. Borough of E. Newark, 17 N.J. Tax 531, 536 (App. Div. 1998) (quoting Glenpointe Assoc. v. Twp. of Teaneck, 241 N.J. Super. 37, 46 (App. Div. 1990)). Having considered the parties' arguments and reviewed the entire record, we affirm the judgments substantially for the reasons stated by Judge Fiamingo in her thoughtful and well-reasoned opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION